IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

Civil Case No: 3:22-cv-109-CRS

LARON ANDERSON
1600 River Shore Drive, Apt. 1005
Louisville, Kentucky 40206

PLAINTIFF

v.

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

DEFENDANTS

SERVE: CSC-Lawyers Incorporating Service Co.
421 W. Main St.
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

SERVE: The Prentice Hall Corporation System
421 W. Main Street
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

SERVE: CT Corporation System
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

** ** ** **

**VERIFIED COMPLAINT**

Comes the Plaintiff, Laron Anderson, and for his Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; Trans Union's and Experian's false and derogatory reporting of late payment status and inaccurate late payments on Plaintiff's Kentucky Housing tradelines; Equifax's inaccurate reporting of repeating, monthly charge-offs of Plaintiff's Republic Finance tradeline; and Defendants' failure to correct their false reporting on Plaintiff's credit reports.

## II. PARTIES

2. Plaintiff, Laron Anderson, is currently, and was at all relevant times, a citizen of the Commonwealth of Kentucky residing at 1600 River Shore Drive, Apt. 1005, Louisville, Kentucky 40206.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky, with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports,"

as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky, with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

8. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9. Trans Union is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

10. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

11. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

12. Experian is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

13. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

14. In or around November 2021, Plaintiff accessed his Equifax, Trans Union, and Experian credit reports and discovered a number of false and derogatory tradelines. On his Trans Union and Experian credit reports, Plaintiff discovered a Kentucky Housing tradeline reporting an inaccurate late payment status and inaccurate late payments. The Kentucky Housing account was paid and closed on March 10, 2017, but Trans Union was reporting late payments up to and including June 2018, and Experian was reporting late payments up to and including August 2018. On his Equifax credit report, Plaintiff discovered a Republic Finance tradeline reporting as charged off twice.

15. Immediately upon his discovery of the foregoing reporting, Plaintiff disputed the tradelines with Equifax, Trans Union, and Experian.

16. Upon information and belief, Equifax, Experian, and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Kentucky Housing and Republic Finance of the disputes at or within five (5) days of receiving notice of the disputes from Plaintiff.

17. Plaintiff never received the results of his disputes to Equifax, Experian, and Trans Union. In December 2021, however, Plaintiff again accessed his credit reports and discovered that the subject tradelines were reporting as they had been reporting prior to his disputes. Despite Plaintiff's lawful request for removal or amendment of the tradelines, Equifax, Trans Union, and Experian failed to delete the tradelines from Plaintiff's credit reports or to amend Plaintiff's credit reports.

18. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional

distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Equifax

19. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Equifax's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiffs' credit report or to amend Plaintiff's credit report are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Equifax's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report within a reasonable time, following Equifax's receipt of Plaintiff's disputes, are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

22. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

23. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

24. Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiffs' credit report or to amend Plaintiff's credit report are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25. Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

27. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. Experian's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiffs' credit report or to amend Plaintiff's credit report are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29. Experian's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

31. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32. Equifax's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report or to amend Plaintiff's credit report are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

33. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

34. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35. Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report or to amend Plaintiff's credit report are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

36. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

37. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38. Experian's failure to properly investigate the disputed items and its failure to remove

the disputed items from Plaintiff's credit report or to amend Plaintiff's credit report are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

39. Experian's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Laron Anderson, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*<u>/sDavid W. Hemminger</u>*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

**VERIFICATION**

I, Laron Anderson, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

Laron Anderson

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by Laron Anderson this 11th day of January, 2022.

Notary Public

Commission expires: Nov 23, 2025

Adam Sharp
Notary Public State at Large
Kentucky ID# KYNP37604
Commission Expires November 23, 2025